[Cite as *State v. Schoeneman*, 2012-Ohio-4710.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 CA 00062 |
| KENNETH E. SCHOENEMAN | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2011 CR 00657(B) |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | October 9, 2012 |

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

JEFFREY R. JAKMIDES
325 East Main Street
Alliance, Ohio 44601

*Wise, J.*

{¶1}   Appellant Kenneth Schoeneman appeals his conviction on one count of menacing by stalking[1] entered in the Stark County Common Pleas Court following a trial to the bench.

{¶2}   Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and background are as follows:

{¶4}   In July, 2008, Appellant's father Earl Schoeneman died. He was survived by five children who have been bitterly feuding over his estate ever since.  Appellant and his brother Charles contend that their sister Robin Minor concealed assets, altered a bank account, and fabricated a debt owed to herself by her father and claim that she is wrongfully in possession of their father's truck.

{¶5}   In February, 2010, following a number of incidents between Appellant and her family, Ms. Minor was granted a Civil Protection Order against Appellant.

{¶6}   Subsequent to the granting of the protection order, the Minor family claimed that Appellant continue to annoy, harass and/or intimidate them.

{¶7}   The Minors claim that Appellant engaged in the following behavior:

{¶8}   On Easter Sunday 2010, Robin went to visit her father's grave with her husband. While they were there, Kenneth drove by and yelled "Purgerers (sic) how are you doing today?"

---

1 Appellant was also charged with two felony counts of violating a protection order and two misdemeanor counts of violating a protection order.  Appellant was found guilty of the misdemeanor counts and not guilty of the felony counts. Appellant does not assign any error to these convictions.

**{¶9}** The Minors also claim that anything Robin placed on her father's grave would be removed or destroyed. On several occasions the destroyed items would be dumped in her front yard, placed in her mailbox, or would be found strewn along the road on her drive to Dueber United Methodist Church.

**{¶10}** They also claim that Appellant left antagonistic messages on Robin's voice mail on August 29, 2010.

**{¶11}** On May 2, 2010, Appellant was parked outside the church.

**{¶12}** On May 25, 2010, the same day Appellant was following Matthew around, Robin was out running an errand when Appellant passed her going the opposite direction. Appellant then made a u-turn and followed her home. Robin drove into her garage and shut the door. Appellant was yelling outside "'Minors, I saw your son." Robin called the police, and Appellant was arrested.

**{¶13}** One of the messages left on Robin's voice mail was left one day before a court appearance on the matter. In it, Appellant repeats "here comes the judge" three times, then laughs maniacally. The matter was later dismissed.

**{¶14}** On December 12, 2010, as Robin and her husband were driving home from church, they saw Appellant driving toward them. As he passed them, he extended his arm out the window, pointed his finger like a gun and moved his thumb back and forth while repeating "pow-pow."

**{¶15}** On January 30, February 6 and February 20, 2011, the Minors again encountered Appellant driving toward them on their way home from church. On those occasions, however, Appellant swerved left of center as if to hit the front of the Minor's vehicle.

{¶16} On May 29, 2011, Robin and Daniel were again at the cemetery visiting Mr. Schoeneman's grave. Daniel stayed in the vehicle while Robin went to the grave site. Again, Appellant appeared and from her location, Robin could hear Appellant shouting at Daniel "Hi Dan. Is this take a criminal to the graveyard day?" When Daniel refused to speak to him, Appellant began spewing vulgarities at Daniel. Daniel captured the incident on video.

{¶17} Robin also visited her father's grave on Father's Day, June 19, 2011 and again Appellant appeared, this time he stood shouting "I can yell 500 feet."

{¶18} On July 25, 2011, the Stark County Grand Jury returned an indictment charging Appellant Kenneth Schoeneman with one count of menacing by stalking, two counts of felony violations of a protection order and two misdemeanor counts of violating a protection order.

{¶19} The matter came before the bench on January 25 and 26, 2012.

{¶20} At trial, the court heard testimony from Robin, Dan and Matthew Minor.

{¶21} By Judgment Entry filed February 14, 2012, the trial court found Appellant guilty of one count of Menacing by Stalking, a fourth degree felony, two counts of Violating a Protection Order, first degree misdemeanors, and not guilty on two counts of Violating a Protection Order, third degree felonies.

{¶22} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶23} "I. THE TRIAL COURT'S DECISION WAS CONTRARY TO LAW, AS IT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND THE TESTIMONY OF

THE ALLEGED VICTIM CLEARLY ESTABLISHED THAT THE MAIN ELEMENT OF R.C. 2903.211(A)(1)(B)(2)(b) AND/OR (c) WAS NOT SATISFIED."

**I.**

**{¶24}** In his sole Assignment of Error, Appellant argues that his conviction on the count of menacing by stalking is against the sufficiency of the evidence. We agree.

**{¶25}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶26}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

**{¶27}** In the case *sub judice*, Appellant was convicted of one count of Menacing by Stalking, in violation of R.C. §2903.211(A)(1)(B)(2)(b) and/or (c), which provides:

**{¶28}** "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

{¶29}   "***

{¶30}   "(B) Whoever violates this section is guilty of menacing by stalking.

{¶31}   "***

{¶32}   "(2) Menacing by stalking is a felony of the fourth degree if any of the following applies:

{¶33}   "***

{¶34}   "(b) In committing the offense under division (A)(1), (2), or (3) of this section, the offender made a threat of physical harm to or against the victim, or as a result of an offense committed under division (A)(2) or (3) of this section, a third person induced by the offender's posted message made a threat of physical harm to or against the victim.

{¶35}   "(c) In committing the offense under division (A)(1), (2), or (3) of this section, the offender trespassed on the land or premises where the victim lives, is employed, or attends school, or as a result of an offense committed under division (A)(2) or (3) of this section, a third person induced by the offender's posted message trespassed on the land or premises where the victim lives, is employed, or attends school.

{¶36}   "***

{¶37}   "(D) As used in this section:

{¶38}   ***

{¶39}   "(2) 'Mental distress' means any of the following:

{¶40}   "(a) Any mental illness or condition that involves some temporary substantial incapacity;

**{¶41}** "(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services."

**{¶42}** Appellant herein argues that the State failed to produce sufficient evidence that Matthew Minor believed that Appellant would cause him physical harm or that he caused him mental distress.

**{¶43}** At the trial in this matter, Matthew Minor, when questioned about Appellant's actions, testified as follows:

**{¶44}** "Q: Matthew, I think what I hear you saying is you have not felt in fear or threatened?

**{¶45}** "A: Me personally?

**{¶46}** "Q: Yes.

**{¶47}** "A: Like I'm not going to lie to anybody; no, I haven't.

**{¶48}** ***

**{¶49}** "Q: You didn't call the police either, did you?

**{¶50}** "A: I have never called the police. On Kenneth; no, I never called the police department." (T. at 168-170)

**{¶51}** Matthew Minor also testified that although he had been told to call the police if he saw Appellant, he never did because he felt that "[i]t was kind of a family thing. [He] never thought it was necessary." (T. at 161).

**{¶52}** The State herein argues that Matthew Minor's testimony establishes that Appellant's behavior caused him mental distress:

**{¶53}** "Q. Matthew, how has this affected your family?

**{¶54}** " A. The effect on the family, there has been a great increased amount of stress. I have never been one that's really felt that anybody should have to look over their shoulder every time they leave the house.

**{¶55}** "Q. So it's affected, though, the dynamics of your own person?

**{¶56}** "A. Yes. The way we generalize (sic) function; like I grew up in a very happy, go-lucky, loving family, and to have kind of like the happiness pulled out is kind of a big culture shock. There is not a whole lot of happy when it comes to my parents anymore. There is not a whole lot of happy when it comes to us because they are not happy. As a son like I'm not happy." (T. at 165-167).

**{¶57}** Upon review, we find that Matthew Minor's testimony establishes only that he and his family are no longer as happy as they had been in the past, not that he has suffered any mental illness or condition which caused any temporary incapacity or would normally require treatment.

**{¶58}** Based on the foregoing evidence presented, while Appellant's behavior might have annoyed Matthew Minor, we cannot say that it made him fear any physical threat. In addition, Matthew Minor's testimony failed to establish that Appellant's actions caused him any mental distress within the meaning of R.C. §2903.11(D)(2).

**{¶59}** Accordingly, the trial court's judgment as it relates to the menacing by stalking charge is not supported by some competent, credible evidence going to all the elements of this case.

**{¶60}** Appellant's sole Assignment of Error is sustained.

**{¶61}** For the foregoing reasons, the judgment of the Common Pleas Court of Stark County, Ohio, is reversed as to the felony count of menacing by stalking.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0911

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                               :
                                            :
    Plaintiff-Appellee                    :
                                            :
-vs-                                        :           JUDGMENT ENTRY
                                            :
KENNETH E. SCHOENEMAN                        :
                                            :
    Defendant-Appellant                   :           Case No. 2012 CA 00062



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed as to the felony count of menacing by stalking.

Costs assessed to Appellee.


_____

_____

_____
                                        JUDGES